**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James M. Surowiec, | No. CV-09-2153-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Capital Title Agency, Inc., an Arizona corporation; and Scott Romley, | |
| Defendants. | |

Plaintiff has filed a motion for leave to file a second amended complaint. Dkt. #31. Defendants oppose the motion. *See id.* at 3. No party has requested oral argument. For reasons stated below, the Court will deny the motion.

Plaintiff seeks leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure. Dkt. #31 at 1-2. Although Rule 15 embodies a liberal amendment policy, *see* Fed. R. Civ. P. 15(a)(2), that is not the standard to be applied in this case. The Court has issued an order establishing case management deadlines. Dkt. #14. Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

1  In this case, the Court's Case Management Order established a deadline for amending
2  pleadings:

> 2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

Dkt. #14 at 1 (emphasis in original). The order was entered on January 7, 2010, creating an amendment deadline of March 9, 2010. Plaintiff's request for leave to amend is more than a month late, and Plaintiff does not provide good cause for the tardiness.

Plaintiff asserts that the proposed amendment would pose no prejudice to Defendants. Dkt. #31 at 2. But good cause, rather than prejudice, is the relevant inquiry. "Although the existence or degree of prejudice to the party opposing the modification [of the amendment deadline] might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Where that party has not been diligent, the inquiry ends and the motion is denied. *Id.*; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff states that further amendment will provide Defendants with "fair notice of what is being alleged well in advance of trial." Dkt. #31 at 2-3. The factual allegations contained in the first amended complaint (Dkt. #27) were specific enough to allow Defendants to file a responsive pleading (Dkt. #30). No further amendment is necessary.

**IT IS ORDERED** that Plaintiff's motion for leave to file second amended complaint (Dkt. #31) is **denied**.

DATED this 29th day of April, 2010.

_____
David G. Campbell
United States District Judge